UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Crim. No.: 5:18-cr-00111-GFVT-MAS |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHRISTOPHER G. HICKERSON, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Christopher Hickerson's Motion to Withdraw Plea of Guilty. [R. 117.] For the reasons that follow, the Court will **DENY** Mr. Hickerson's Motion.

**I**

On December 9, 2019, Mr. Hickerson pled guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and one count of filing a false tax return in violation of 26 U.S.C. § 7206. [R. 86.] After his rearraignment, Mr. Hickerson filed four separate motions to continue his sentencing. [R. 97; R. 102; R. 112; R. 114.] The Court granted each continuance, which ultimately delayed Mr. Hickerson's sentencing by nine months. *See id.* On August 31, 2020, Mr. Hickerson's original attorney withdrew from this matter and Mr. Hickerson was assigned a CJA attorney. [R. 108.] On January 6, 2021, when his final continuance was soon to expire, Mr. Hickerson filed a Motion to Withdraw his Plea of Guilty. [R. 117.] Within his Motion, Mr. Hickerson argues that he felt pressured into pleading guilty by his attorney, that his attorney did not adequately prepare his case, and that, because his mental state was poor at the time of his rearraignment, his guilty plea should be withdrawn. *See id.* On

January 11, the United States responded in opposition. [R. 119.] Within its response, the United States argues that Mr. Hickerson's Motion is simply a delay tactic to avoid sentencing and that his Motion fails on the merits. On January 12, 2021, the Court held a motion hearing on the matter and ordered the filing of sealed supplemental documentation. [R. 120; R. 125.] The matter is now ripe for review.

## II

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may only withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11. A defendant has the burden of proving that he is entitled to withdraw his guilty plea. *United States v.* Ellis, 470 F.3d 275, 281 (6th Cir. 2006). While the Sixth Circuit has indicated that "the occasion for setting aside a guilty plea should seldom arise," it has provided the following non-exhaustive list of factors to consider when determining whether a fair and just reason exists for withdrawal:

1) The amount of time that elapsed between the plea and the motion to withdraw it;
2) The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
3) Whether the defendant has asserted or maintained his innocence;
4) The circumstances underlying the entry of the guilty plea;
5) The defendant's nature and background;
6) The degree to which the defendant has had prior experience with the criminal justice system; and
7) Potential prejudice to the government if the motion is granted.

*Ellis*, 470 F.3d at 280; *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994). Applying these seven factors to the present case, the Court concludes that Mr. Hickerson's Motion should be denied.

*Factor 1: Amount of Time Between the Plea and the Motion to Withdraw*

Mr. Hickerson plead guilty to the charges brought against him on December 9, 2019 and

filed his Motion to Withdraw on January 6, 2021. [R. 86; R. 117.] Thus, 394 days lapsed between his initial plea and the filing of his Motion. Sixth Circuit precedent indicates that, although a motion filed "within a few days after the initial pleading" can be looked at favorably, a withdrawal motion filed more than thirty days after the entrance of a guilty plea can weigh against withdrawal. *See United States v. Jannuzzi*, 2009 U.S. App. LEXIS 4830 at *8-*9 (6th Cir. March 6, 2009) (collecting cases). Because Mr. Hickerson's withdrawal motion was filed over a year beyond his initial plea, factor one is unfavorable to him.

*Factor Two: Whether a Valid Reason Exists for the Failure to Move for*

*Withdrawal Earlier in the Proceedings*

Mr. Hickerson does not explain why it took him 394 days to file his Motion to Withdraw. Within the period between his guilty plea and the filing of his Motion, Mr. Hickerson filed four motions to continue sentencing [R. R. 97; R. 102; R. 112; R. 114]. Mr. Hickerson's final motion to continue was filed over two months after his original attorney withdrew and his new CJA attorney was assigned [*See* R. 114.] Regarding this factor, the United States argues that, even if Mr. Hickerson and his original attorney were in disagreement, there is no acceptable reason why his withdrawal motion "could not have been raised in the days after his guilty plea was entered, or in any event, sooner than one year after the plea of guilty." [R. 119 at 6.] The Court agrees with the United States. Though the Court does not question that contention existed between Mr. Hickerson and his original attorney, Mr. Hickerson still waited to file his withdrawal motion for two months after his CJA attorney was appointed. Under Sixth Circuit precedent, this lapse of time is deemed unacceptable delay and Mr. Hickerson fails to explain why the Court should not treat it as such. *See Jannuzzi*, LEXIS 4830 at *8-*9.

*Factor Three: Whether the Defendant has Asserted or Maintained his Innocence*

Aside from his arraignment, Mr. Hickerson has not maintained that he is innocent of the charges contained in the indictment. Although he alleges that "he asserted his innocence to his [original] attorney throughout the pendency of this case," the record does not support this allegation. [R. 125 at 2.] For example, when asked by the Court at his rearraignment whether he was guilty of that which he was pleading guilty to, Mr. Hickerson answered "Yes, Your Honor." [R. 111 at 587.] Moreover, when asked to describe the offenses he had committed, Mr. Hickerson stated that he "did not report all [of his] crop sales" and that he "didn't turn in some payments [on his loan]" thereby filing incomplete tax returns. *Id.* at 609. "A defendant's statements at a plea hearing should be regarded as conclusive in the absence of a believable, valid reason justifying departure from the apparent truth of those statements." *United States v. Owens*, 215 Fed. Appx 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 Fed. Appx 415, 419 (6th Cir. 2004). Here, the Court finds Mr. Hickerson's admission of guilt at his rearraignment to be conclusive and his argument that he has maintained his innocence throughout the pendency of this case to be inaccurate.

*Factor Four: Circumstances Underlying the Entry of the Guilty Plea*

Mr. Hickerson alleges that his original attorney inadequately prepared for trial by not interviewing witnesses and pressured him into pleading guilty by alleging that the Government might charge his children if he did not plead guilty. [*See* R. 117-1 at 2; R. 125 at 3.] Mr. Hickerson also alleges that at the time he plead guilty his high stress level improperly influenced his decision to plead. [*See* R. 117-1 at 2.] While the Court does not doubt that Mr. Hickerson and his original attorney had a contentious relationship, the record indicates that Mr. Hickerson understood that he was pleading guilty, understood the charges brought against him, and knew

that he was waiving his constitutional rights by entering into a guilty plea. *See Ellis*, 470 F.3d at 285. Additionally, regarding the impact of his stress level, "[s]uch assertions, without more, are insufficient to overcome the clear and unambigious testimony given at the defendant's hearing."[1] *United States v. Sargent*, 2010 U.S. Dist. LEXIS 6752 at *24 (E.D. Ky. Jan. 27, 2010) (finding allegations of "mental duress" and "physical pain" insufficient to permit the withdrawal of a defendant's guilty plea).

*Factors Five & Six: Defendant's Nature and Background and Experience with the Criminal Justice System*

In his Motion, Mr. Hickerson argues that he is "not an attorney and [doesn't] pretend to be." [R. 117-1 at 1.] Moreover, he states that he has "never been in trouble before" and has been terrified by the judicial process thus far. *See id.* at 2. In response, the Government argues that "there is nothing in the Defendant's nature or background to suggest that he was in any way incapable of understanding the allegations against him or understanding the ramifications of his decision to plead guilty." [R. 119 at 12.] The Government also argues that Mr. Hickerson's four terms serving as a Magistrate on the Fleming County Fiscal Court indicates "at least some level of familiarity with the court system and with government in general." *Id.* Although the Court agrees with Mr. Hickerson that he does not have extensive experience with the criminal justice system, no evidence has been offered to prove that his background or limited experience with the criminal justice system prevented him from understanding the ramifications of entering a guilty plea. Accordingly, these factors do not support his Motion.

---

[1] Additionally, the Court finds Mr. Hickerson's allegation that his original counsel had not interviewed witnesses or prepared for trial not wholly accurate. For example, at [R. 55], his original counsel filed a list of twenty-two witnesses he sought to subpoena in preparation for trial. Moreover, two expert witnesses were noticed in this matter [*See* R. 21; R. 77.]

*Factor Seven: Potential Prejudice to the Government*

Although the Court is not required to analyze factor seven unless a defendant has carried his burden of establishing a "fair and just reason" to support the withdrawal of his guilty plea, the Court nonetheless believes that the Government would be prejudiced if Mr. Hickerson's Motion is granted. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). Mr. Hickerson pled guilty to his offenses on the date his trial was scheduled to begin. [R. 86.] Consequently, if Mr. Hickerson is permitted to withdraw his plea, the Government would need to redo its prior work and invest even more resources into this matter. Moreover, though Mr. Hickerson was placed on bond after entering a guilty plea, his original release was revoked prior to his plea because he "improperly contacted numerous witnesses in this case. [R. 119 at 13.] The Government argues that Mr. Hickerson has now had over a year of release during which time he could have potentially contacted these witnesses again and influenced their testimony, resulting in potential prejudice to this case. *See id.* The Court agrees.

### III

Defendant Hickerson has failed to establish a "fair and just reason" for this Court to revoke his guilty plea. Accordingly, his withdrawal request [R. 117] is **DENIED**. Having denied his Motion, the Court now **ORDERS** that a sentencing be held in this matter on **June 10, 2021 at the hour of 2:30 p.m.** at the United States District Courthouse in **Lexington, Kentucky**.

This the 26th day of May, 2021.



Gregory F. Van Tatenhove
United States District Judge