UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHRISTOPHER HICKERSON, | ) |
| Petitioner, | ) Case No. 5:18-cr-00111-GFVT-MAS |
| | ) Case No. 5:23-cv-00121-GFVT-MAS |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) **&** |
| | ) **ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Matthew A. Stinnett. [R. 220.] Judge Stinnett reviewed a motion to vacate filed by prisoner Christopher Hickerson pursuant to 28 U.S.C. § 2255, as well as a later amendment to that motion. [R. 175; R. 209.] After conducting a review of the petition, and an evidentiary hearing, Judge Stinnett recommends that the Court deny Hickerson's motion and deny a certificate of appealability. [R. 220.] Because Hickerson did not object, the Court **ADOPTS** Judge Stinnett's Recommendation **[R. 220]** as and for the opinion of the Court and will **DENY** Hickerson's petitions.

Judge Stinnett initially found that Hickerson's ineffective assistance of counsel claim, while timely, was without merit. [R. 220 at 12-17.] Looking to the facts of Hickerson's case, Judge Stinnett explained that Fox "made every possible effort to defend Hickerson and prepare for his trial" but in the final week of trial preparations was "hindered due to Hickerson's own actions." *Id*. at 15-16. Time that could have been spent reviewing discovery documents was instead spent "attempting to deal with the new and devastating evidence undercutting the three

most important witnesses and most important set of documents in the case" due to improper jailhouse calls made by Hickerson. *Id*. Judge Stinnett further explained that Hickerson also could not prove prejudice because he was "unable to point to a single document in those final productions that provided any new information to Fox, much less would have changed the outcome at trial." *Id*. at 16-17.

Judge Stinnett then turned to Hickerson's claim that the United States committed a *Brady* violation by failing to turn over critical evidence. As he explained when assessing Hickerson's ineffective assistance claim, "all the discovery materials were timely provided to Hickerson's counsel" and Hickerson's *Brady* claim "has no support in fact or in law." *Id*. at 17-18. Because "[r]easonable jurists could not debate whether Hickerson's § 2255 motion should be dismissed," Judge Stinnett also recommends that Hickerson be denied a certificate of appealability. *Id*. at 18-19.

Generally, this Court must make a *de novo* determination of those portions of a Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Also before the Court, and enmeshed in the consideration of Hickerson's § 2255 motion, is his "Response to the governments 2255 objections and motion to vacate plea and dismiss indictment or any relief the court sees fit." [R. 187.] Much of this "motion" deals with the same

2

arguments Hickerson raised in his § 2255 motions: that the Government withheld *Brady* materials and his counsel was ineffective. Thus, his included request to vacate his guilty plea deals with the very same issues, and is reliant on the same grounds, as those disposed of in Judge Stinnett's Recommendation. [R. 187 at 8-9.] After sentencing "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." *United States v. Pettygrue*, 11 F. App'x 493, 495 (6th Cir. 2001). Accordingly, the Court will deny Hickerson's motion to the extent the relief it requests is duplicative of his unmeritorious § 2255 motions.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 220]** is **ADOPTED** as and for the opinion of the Court;

2. Hickerson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence **[R. 175]** and his Amended Motion to Vacate Under 28 U.S.C. § 2255 **[R. 209]** are **DENIED**;

3. Hickerson's Motion to Vacate Plea **[R. 187]** is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised; and

5. Judgment in this matter will follow promptly.

This the 25th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge